IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| UNITED STATES OF AMERICA<br>Plaintiff<br>vs<br>AUTORIDAD DE EDIFICIOS PUBLICOS<br>Defendant | CIVIL 14-1606CCC |
|---|---|

**OPINION AND ORDER**

On August 5, 2014, plaintiff United States of America filed a Complaint (d.e. 1) against Autoridad de Edificios Públicos ("AEP") pursuant to 26 U.S.C. § 6332(d)(1) alleging in Count 1 that the U.S. Treasury made assessments against taxpayer Advanced Computer Technology, Inc. ("Taxpayer") which it failed to pay accruing a debt as of June 27, 2014 for unemployment taxes of $368,416.45; that on March 15, 2011, pursuant to section 26 U.S.C. § 6331(a), the Internal Revenue Service ("IRS") served a notice of levy upon defendant AEP for all property and rights to property belonging to the delinquent Taxpayer; that "[a]t the time of the Levy, Autoridad de Edificios Públicos was holding property belonging to the taxpayer consisting of $262,307.60 owed to the Taxpayer in connection with a decision rendered in the Court of First Instance of San Juan, Puerto Rico"; and that defendant AEP failed to honor that levy and is indebted to the United States pursuant to 26 U.S.C. § 6332(d)(1) "in the amount of all property and rights to property in its possession belonging to Taxpayer on the date of the levy, plus interest thereon." (d.e. 1, pp. 2-3). Count 2 seeks a penalty against AEP equal to 50 percent of the amount recoverable alleging that AEP "had no reasonable cause in refusing to surrender the property that was subject to the Internal Revenue Service levy." (d.e. 1, pp. 3-4).

CIVIL 14-1606CCC                     2

Before the Court is the United States' Motion for Summary Judgment (**d.e. 25**) filed on April 5, 2016 and defendant AEP's Opposition filed on July 22, 2016 (d.e. 27 and d.e. 29).  The government's dispositive motion essentially repeats the allegations of the Complaint (d.e. 1).  Facts numbered 4-8 of the government's Statement of Facts in Support of Its Motion for Summary Judgment (d.e. 25-1) read as follows:

4. On March 17, 2011, AEP owed Advanced Computer Technology, Inc. funds in the amount of $262,307. (Dec. Carmelo Gonzalez ¶8.)

5. On March 17, 2011, the date of the levy, AEP was holding funds due Advanced Computer Technology, Inc. in the amount of $262,307. (Dec. Carmelo Gonzalez ¶9.)

6. The defendant failed to honor the notice of levy dated March 15, 2011. (Dec. Carmelo Gonzalez ¶10.)

7. After March 17, 2011, AEP did not turn over any funds to the Internal Revenue Service pursuant to the notice of levy attached as Exhibit 1. (Dec. Carmelo Gonzalez ¶11.)

8. AEP lacked reasonable cause for failing to honor the Internal Revenue Service's notice of levy attached as Exhibit 1. (Dec. Carmelo Gonzalez ¶12.)

In its Statement of Additional Uncontested Material Facts on page 2 of its Opposition (d.e. 27), AEP confirms that it received the notice of levy submitted by plaintiff on March 17, 2011.  There is no controversy regarding the fact that there was a state court judgment issued by the Court of First Instance of Puerto Rico, San Juan Part, in a collection of monies action filed by the Taxpayer, Advanced Computer Technology, Inc. against AEP and that the judgment was favorable to plaintiff in the amount of $262,307.60.  While accepting that it received the notice of levy, defendant explains that it had received other third party claims from creditors to that money, including its judgment creditor Advanced Computer Technology, Inc. and another from Gomez Holdings, Inc., the latter a few days after it received the notice of levy

CIVIL 14-1606CCC                                    3

from the IRS. Faced with this situation, AEP raises that it "had reasonable cause to doubt as to whom had rights over the funds, therefore opted to deposit the funds in the State Court case" and that "the funds are still deposited in the State Court case." (d.e. 29, p. 2).

Defendant AEP's position is strictly based on the reasonable cause factor of 26 U.S.C. § 6332(d)(2) arguing that it decided to deposit the funds in the State Court case to make sure that the payment was correctly made since there were three parties which all claimed rights over the funds to wit, the Taxpayer who sued AEP for collections of monies in the Commonwealth Court and prevailed, the I.R.S. based upon the levy, and Gomez Holdings, Inc. based on a security agreement. Section 6332(d)(2) states, in part:

> if any person required to surrender property or rights to property fails or refuses to surrender such property or rights to property *without reasonable cause*, such person shall be liable for a penalty equal to 50 percent of the amount recoverable under paragraph (1).

26 U.S.C.A. § 6332 (d)(2) (emphasis ours).

The determination of reasonable cause for failing or refusing to surrender the property, in this case, the judgment amount of $262,307.60 until its deposit in the State Court case in the Superior Court of Puerto Rico is a fact specific issue that cannot be determined solely from the filings of both parties. The penalty claimed in Count 2 of the Complaint and in the Motion for Summary Judgment simply asserts that defendant AEP acted without "reasonable cause." The circumstances raised by AEP regarding its uncertainty as to whom to pay the funds it owed pursuant to the collections of monies judgment raises a genuine issue as to its alleged refusal to surrender the property without reasonable cause which is the basis for the 50 percent penalty claimed in Count 2 of the Complaint.

CIVIL 14-1606CCC                              4

For the reasons stated above, the government's Motion for Summary Judgment (**d.e. 25**) is DENIED.

    SO ORDERED.

    At San Juan, Puerto Rico, on March 10, 2017.

                                        S/CARMEN CONSUELO CEREZO
                                        United States District Judge